Law Offices of H. Frank Cahill
880 N Street, Suite 203
Anchorage, AK 99501
(907) 222-4905
(907) 274-8201 Fax
cahill@gci.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JESSIE L. RIZOR,<br><br>    Plaintiff,<br><br>vs.<br><br>ACAPITA EDUCATION FINANCE CORPORATION, a Texas Non-profit Corporation, BRAZOS STUDENT FINANCE CORPORATION and BRAZOS HIGHER EDUCATION SERVICE CORPORATION, Texas Non-profit Corporations,<br><br>    Defendants.<br>_____<br><br>In re:<br><br>Jessie L. Rizor and Ashley M. Rizor,<br><br>    Debtors<br>_____ | Adversary Case No. _____<br><br><br><br>Case No. 15-00383 HAR<br>Chapter 7 |

## DEBTOR'S COMPLAINT TO DETERMINE DISCHARGEABILITY
## OF PRIVATE STUDENT LOAN

    1.  This is an adversary action brought under the Bankruptcy Code, 11 U.S.C. Sec. 523(a)(8), to determine the dischargeability of an educational loan made, insured, or guaranteed by the defendants.

LAW OFFICES OF
H. FRANK CAHILL
880 N Street
Suite 203
Anchorage, AK 99501
(907) 222-4905
FAX: (907) 274-8201

2. The Debtor filed this case under Chapter 7 of the Bankruptcy Code on November 4, 2015. This court has jurisdiction over this action under 28 U.S.C. Sec. 1334. This proceeding is a core proceeding.

3. Defendant Acapita Education Finance Corporation is a Texas non-profit corporation which provides, insures, guarantees, purchases or services student loans in various locations, including outside the United States. Acapita is a parent, subsidiary, or other closely related corporate entity to defendant Brazos Student Finance Corporation and to defendant Brazos Higher Education Service Corporation, a Texas non-profit corporation that is a parent company for a large number of companies, including both profit and non-profit entities, which are involved in issuing, acquiring, or servicing student loans. The purpose of all the companies, including the defendant companies, is to generate funds for the benefit of their officers, members, shareholders, and employees.

4. Among the unsecured debts owing by the Debtor and listed in Schedule F are several debts incurred by the Debtor for the purpose of attending St. George University School of Veterinary Medicine, in the country of Granada, during the years 2004 to 2008. These debts were issued by, or acquired by, the defendant companies.

5. At all times during plaintiff's attendance, the St. George School of Veterinary Medicine was not accredited, and was not an eligible educational institution pursuant to 11 U.S.C. Sec. 523(a)(8)(B), as defined in 26 U.S.C. Sec. 221.

6. The loans were incurred to pay expenses incurred by the Debtor in order to attend courses at St. George School of Veterinary Medicine.

7. The loans were issued by Brazos Higher Education Service Corporation. They are now serviced by Great Lakes. Proofs of claim numbers 1 and 2 in the Chapter 7 bankruptcy case filed by the debtor were filed in the name of Brazos Student Finance Corporation, which may be a parent company.

8. Because the St. George University School of Veterinary Medicine program was not accredited, the Debtor has incurred substantial costs and difficulty in obtaining certification and licensure as a Doctor of Veterinary Medicine in the various states of the United States where he has practiced. He will continue to incur such additional costs and

LAW OFFICES OF
**H. FRANK CAHILL**
880 N Street
Suite 203
Anchorage, AK 99501
(907) 222-4905
FAX: (907) 274-8201

Rizor v. Brazos, Complaint to Determine Dischargeability                                                                 Page 2 of 3
In Re Rizor, A15-00383 GS

difficulty to obtain licensure any time he requires licensing in another state, regardless whether the program subsequently has been accredited or may become accredited in the future.

      9. During the calendar year 2015, the Debtor was unable to obtain employment in the field of veterinary medicine, and undertook to employ himself at a new clinic which he opened, at significant financial risk. The clinic failed by October 2015, and the Debtor has had to file this Chapter 7 bankruptcy to discharge the substantial business debt he incurred. The high cost of paying back the student loans he incurred to attend the St. George School of Veterinary Medicine is, and will continue to be, an undue financial burden on the Debtor.

      10. St George School of Veterinary Medicine, as of the date of the debtor's graduation, had not received certification for Title IV federal funding from the U.S. Department of Education, and was not so certified at the time the Debtor attended the program there. Accordingly, the private student loans which the Debtor received were not made for attendance at an "eligible education institution" as defined in 26 U.S.C. Sec. 221, and are therefore not "qualified education loans" pursuant to Subsection B of Section 523(a)(8) of the Bankruptcy Code, and are therefore not non-dischargeable in bankruptcy.

      Wherefore, Debtor prays for relief as follows:

      1. For an order declaring that the debts incurred by Debtor as private student loans for his attendance at St. George School of Veterinary Medicine, now held by creditor Great Lakes, in the amount of $145,822.22, are dischargeable, and are hereby discharged.

      2. For an award of Debtor's costs and attorney's fees to prosecute this matter.

      3. For other such relief as the court finds just and equitable under the circumstances.

      January 5, 2016          /s/ Frank Cahill
                                        Frank Cahill, ABA 8611099
                                        Attorney for Debtor

LAW OFFICES OF
**H. FRANK CAHILL**
880 N Street
Suite 203
Anchorage, AK 99501
(907) 222-4905
FAX: (907) 274-8201