Richard L. Crabtree, ABA 7510063
R. Crabtree, APC
3330 Arctic Blvd., Suite 201
Anchorage, Alaska, 99503
Tel: 907-222-4300 / Fax: 907-222-4399
Toll Free (844) 907-4317

Attorneys for Defendants

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JESSIE L. RIZOR, ) | |
|     Plaintiff, ) | |
|   vs. ) | |
| ) | |
| ACAPITA EDUCATION FINANCE ) | |
| CORPORATION, A TEXAS NONPROFIT ) | |
| CORPORATION, BRAZOS STUDENT ) | |
| FINANCE CORPORATION, A TEXAS ) | |
| NONPROFIT CORPORATION AND ) | |
| BRAZOS HIGHER EDUCATION ) | |
| SERVICE CORPORATION, A TEXAS ) | |
| NONPROFIT CORPORATION, ) | |
|     Defendants. ) | |
| ) | |
| In re: ) | |
| ) | |
| Jessie L. Rizor and Ashley M. Rizor, ) | Adversary Case No. 16-90001 |
| ) | |
|     Debtors ) | Chapter 7 Case No. 15-00383 HAR |

**<u>OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

    Come Now the Defendants Acapita Education Finance Corporation, a Texas nonprofit corporation; Brazos Student Finance Corporation, a Texas nonprofit corporation; and Brazos Higher Education Service Corporation, a Texas nonprofit corporation (Defendants hereinafter referred to as "Brazos") by and through their counsel of record herein and hereby oppose the plaintiff's motion for summary judgment.

In his motion for summary judgment, Plaintiff argues that his student loan debts incurred to Brazos are not excepted from discharge by 11 U.S.C. § 523(a)(8). First, Plaintiff argues that the loans were private and not "made, insured, or guaranteed, by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution" within the meaning of subsection (A)(i).[1]

Although Plaintiff's loans were originated by Richland State Bank, they were then bought by Brazos. Brazos is a nonprofit entity engaged in funding student loans by buying them from lenders.[2] Great Lakes, also a nonprofit entity, is a servicer and did not acquire Plaintiff's loans. Consequently, Plaintiff's student loans were funded by a nonprofit institution and are excepted from discharge under subsection (A)(i).

Second, Plaintiff argues that subsection (B) does not except Plaintiff's student loans from discharge. Subsection (B) excepts from discharge "any other educational loan that is a qualified education loan, **as defined in section 221(d)(1)** of the Internal Revenue Code of 1986 [26 U.S.C. § 221(d)(1)], incurred by a debtor who is an individual" (emphasis added).

Plaintiff argues that 26 U.S.C. § 25A(f)(2) applies, and the Bankruptcy Code requires that the institution the debtor attended meet certain definitions set out in the Higher Education Act of 1965.[3] But 26 U.S.C. § 221(d)(1), the Internal Revenue Code subsection referenced in subsection (B), contains no reference to 26 U.S.C. § 25A(f)(2). The reference to § 25A(f)(2) occurs in § 221(d)(2)(B), which relates to the amount by which a qualified higher education

---

[1] 11 U.S.C. § 523(a)(8)(A)(i).

[2] As explained in Defendants' Memorandum in Support of Cross Motion for Summary Judgment and Brazos's affidavit in support thereof.

[3] 26 U.S.C. § 25A(f)(2), 20 U.S.C. § 1088, 20 U.S.C. §§ 1070 *et seq*.

Opposition to Plaintiff's Motion for Summary Judgment                                                                Page 2 of 5
<u>Rizor v. Acapita Educ. Fin. Corp.</u>, 16-90001 HAR                                                                RLC/ck 1817.0001

expense must be reduced by a scholarship, allowance or payment for tax purposes.[4] Section 25A(f)(2) is not incorporated by reference in the Bankruptcy Code, and therefore does not set out a requirement that a student loan must meet in order to be excepted from discharge under subsection (B).

Finally, Plaintiff argues that he did not "complete [his] clinical training at an approved veterinary school located in the United States" under 20 U.S.C. § 1002. As discussed further in Defendant's Memorandum in Support of Cross Motion for Summary Judgment, 20 U.S.C. § 1002 defines an eligible institution of higher education for the purposes of subsection (B).[5] Section 1002 provides as follows:

> (2)  Institutions outside the United States.
> (A)  In general. For the purpose of qualifying . . . the Secretary shall establish criteria by regulation for the approval of institutions outside the United States and for the determination that such institutions are comparable to an institution of higher education as defined in [20 U.S.C. § 1001] (**except that** a graduate medical school, nursing school, or **a veterinary school, located outside the United States shall not be required to meet the requirements of [20 U.S.C. § 1001(a)(4)])** Such criteria shall include a requirement that a student attending such school outside the United States is ineligible for loans made under part D of title IV [20 U.S.C. §§ 1071 et seq.] **unless**—
>     . . . (ii)  in the case of a veterinary school located outside the United States that does not meet the requirements of [20 U.S.C. § 1001(a)(4)], **the institution's students complete their clinical training at an approved veterinary school located in the United States**. . . . [6]

Plaintiff argues he did not "complete" his clinical training at the University of Florida, because he "remained a student" at St. George College of Veterinary Medicine; that he

---

[4] 26 U.S.C. § 221 "Interest on education loans."

[5] A simplified chain of the statutory references at issue may be helpful: Bankruptcy Code § 523(a)(8)(B) refers to Internal Revenue Code § 221(d)(1), which refers to 20 U.S.C. 1087ll (defining "cost of attendance") and Internal Revenue Code § 25A(b)(3) (defining "eligible student"), which refers to 20 U.S.C. § 1091(a)(1) (a section of the Higher Education Act of 1965 also defining "eligible student"), which refers to 20 U.S.C. § 1094 (defining "eligible institution"), which refers to 20 U.S.C. § 1002 (defining "institution of higher education") the subsection containing the foreign veterinary school provision.

[6] 20 U.S.C. § 1002.

continued to pay tuition to St. George, and his degree was granted by St. George rather than the University of Florida.

Further, Plaintiff argues that if the provision set out in 20 U.S.C. § 1002 caused him to become eligible to borrow loans under Title IV, that he should have been offered such loans by St. George College of Veterinary Medicine, and that because no such loans were offered to him (or because the school told him they were not available) that the loans at issue in this action did not meet the requirements set out in 20 U.S.C. § 1002, and therefore subsection (B). In fact § 1002 only requires that students must "complete their clinical training at" an approved school. The statute contains no requirement that the student must pay tuition to, or obtain a degree from, the approved United States veterinary school. Likewise, St. George's representations to Plaintiff about his eligibility to borrow Title IV loans are not dispositive.

Plaintiff spent the final portion of his veterinary training at the University of Florida College of Veterinary Medicine which is an "accredited" (and therefore "approved") veterinary school located in the United States.[7] Therefore, Plaintiff completed his clinical training there, as required by the plain language of 20 U.S.C. § 1002. Therefore, Plaintiff's student loan debt incurred to Brazos in pursuit of his education is non-dischargeable under Bankruptcy Code § 523(a)(ii)(B). Plaintiff's debts to Brazos are student loans within the meaning of 11 U.S.C. § 523(a)(8), and therefore Plaintiff is not entitled to a discharge of the debts at issue in this action. Plaintiff offers no argument or evidence to controvert the facts alleged in Defendant's Cross Motion for Summary Judgment, and the affidavit in support thereof, as required by Federal Rule of Civil Procedure 56 and made applicable to adversary

---

[7] The definition of "approved" is addressed in Defendants' Memorandum in Support of Cross Motion for Summary Judgment.

proceedings in bankruptcy by Federal Bankruptcy Rule 7056.  For the reasons set forth in this Opposition and in Defendants' Cross Motion for Summary Judgment, the court should deny Plaintiff's Motion for Summary Judgment and enter summary judgment in Defendants' favor.

Respectfully submitted this 31st day of March, 2016.

> R. Crabtree, APC
> Attorneys for Defendants
>
>   /s/ Richard L. Crabtree
> Richard L. Crabtree
> Alaska Bar Association No. 7510063
> 3330 Arctic Blvd., Suite 201
> Anchorage, AK 99503
> Phone 907-222-4300
> Fax: 907-222-4399
> E-mail: rcrabtree@rcalaska.com