Law Offices of H. Frank Cahill
880 N Street, Suite 203
Anchorage, AK 99501
(907) 222-4905
(907) 274-8201 Fax
cahill@gci.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JESSIE L. RIZOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ACAPITA EDUCATION FINANCE )<br>CORPORATION, a Texas Non-profit )<br>Corporation, BRAZOS STUDENT )<br>FINANCE CORPORATION and BRAZOS )<br>HIGHER EDUCATION )<br>SERVICE CORPORATION, Texas )<br>Non-profit Corporations, )<br>)<br>Defendants. )<br>_____ )<br>)<br>In re: )<br>)<br>Jessie L. Rizor and Ashley M. Rizor, )<br>)<br>Debtors )<br>_____ ) | Adversary Case No. 16-90001<br><br><br><br><br><br><br><br>Case No. 15-00383 HAR<br>Chapter 7 |

**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT**

The Brazos defendants' cross motion for summary judgment claims that it is

undisputed that Brazos funded Jesse Rizor's loans for attendance at St. George

LAW OFFICES OF
H. FRANK CAHILL
880 N Street
Suite 203
Anchorage, AK 99501
(907) 222-4905
FAX: (907) 274-8201

Rizor v. Brazos, A16-900001
Rizor's Opposition to Cross Motion for Summary Judgment                                                                 Page 1 of 4

University School of Veterinary Medicine. However, this issue is very much in dispute: Rizor has produced the original loan applications showing that in each case, he borrowed the money from Richland State Bank, not from Brazos or any of its affiliates. If Richland is a non-profit, Brazos has not proved it (and Rizor has no reason to think it is). Based on the affidavit of a Brazos' employee, Brazos claims it provided the underlying funding. However, even if this is true, it is unclear how this differs from its simply purchasing the loans after they were made. Clearly a borrower like Rizor has no ability to control what happens to the lender-controlled loan paper after he borrows money; the paper can and routinely is transferred from one entity to another. Thus, the mere fact that Brazos (and its affiliates) are non-profit is not sufficient, in itself, to make the Rizor loans non-dischargeable under 11 U.S.C. Sec. 523(a)(8)(A)(i).

Rizor's loans were not subject to the separate basis for non-dischargeability set forth in 11 U.S.C. Sec. 523(a)(8)(A)(ii), which covers educational advances other than loans. The plain language of the statute makes it clear that this is, as Brazos seems to concede, a replication of the prior non-dischargeability section for other types of transactions. By contrast, tuition debts incurred at enrollment, for example, in which there is no contract by which one party transfers an identified quantity of money or value to the other, and the other promises to repay, does not create a non-dischargeable loan or advance. In re Chambers, 348 F.3d 650 (7th Cir. 2003).

The issue whether the loans in this case are non-dischargeable truly turns on the single question: are they "qualified education loan[s] as defined in section 221(d)(1) of the Internal Revenue Code of 1986 . . ." IRC Section 221(d)(1) requires a far-ranging analysis to determine if they were incurred "solely to pay qualified higher education expenses . . ."

Neither party has established whether Rizor's loans covered only his "cost of

LAW OFFICES OF
H. FRANK CAHILL
880 N Street
Suite 203
Anchorage, AK 99501
(907) 222-4905
FAX: (907) 274-8201

attendance" at St. George, in order to establish that this was a "qualified education loan." Rizor does not dispute that he was an eligible student, but we simply lack, at this point, evidence as to what the instiutionally-determined allowance for room and board was. Treasury Department regulations implementing Sec. 221(d) of the IRC for the purpose of determining whether the loan qualifies for a taxpayer interest deduction require that the loan not be "mixed use." 26 CFR Sec. 1.221-1(e)(4) ex. 6. Thus, a loan that Rizor, as a married man and father of two, incurred to cover expenses far outside normal tuition and similar basic allowances necessary for schooling may not qualify for an interest deduction. For the purpose of summary judgment, this issue cannot be resolved.

  Rizor does not dispute that he was an "eligible student" for the purpose of the definition. However, for the reasons set forth in his Motion for Summary Judgment, he does not agree that St. George School of Veterinary Medicine, during the years of his attendance (2004-2007) was an "eligible institution." If it had been, he could have had the benefit of federal direct student loans (Title IV, Higher Education Act). The court in In re Rumer, 469 B.R. 553, 562 (Bankr. MD Pa. 2012) took judicial notice that a FAFSA website then listed Title IV eligible institutions. It is not disputed that St. George University College of Veterinary Medicine was not itself qualified as a "eligible institution"; Brazos relies entirely on 20 U.S.C. Sec. 1002, which is not referenced at all in 11 U.S.C. 523(a)(8); and should not be stretched to create non-dischargeability for the loans in issue here.

  For these reasons, plaintiff's motion for summary judgment should be granted, and the defendant's motion should be denied.

LAW OFFICES OF
**H. FRANK CAHILL**
880 N Street
Suite 203
Anchorage, AK 99501
(907) 222-4905
FAX: (907) 274-8201

Rizor v. Brazos, A16-900001
Rizor's Opposition to Cross Motion for Summary Judgment  Page 3 of 4

|  |  |
|---|---|
| April 13, 2016 | /s/ Frank Cahill |
|  | Frank Cahill, ABA 8611099 |
|  | Attorney for Plaintiff Debtor |

Certificate of Service
A true and correct copy of the
foregoing was served by court ECF
on April 13, 2016 on
    Richard Crabtree
    R. Crabtree
    3330 Arctic Blvd. Suite 201
    Anchorage, AK 99503

April 13, 2016    /s/ Frank Cahill
                      Frank Cahill

LAW OFFICES OF
**H. FRANK CAHILL**
880 N Street
Suite 203
Anchorage, AK 99501
(907) 222-4905
FAX: (907) 274-8201

Rizor v. Brazos, A16-900001
Rizor's Opposition to Cross Motion for Summary Judgment    Page 4 of 4