JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —  (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| Case No. A15-00383-HAR | In Chapter 7 |
|---|---|
| In re JESSIE L. RIZOR and ASHLEY M. RIZOR, | |
| Debtor(s) | |
| JESSIE L. RIZOR, | Adv Proc No A16-90001-HAR |
| Plaintiff(s) | MEMORANDUM DECISION DENYING MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13] |
| v. | |
| ACAPITA EDUCATION FINANCE CORPORATION, a Texas Non-profit Corporation, BRAZOS STUDENT FINANCE CORPORATION and BRAZOS HIGHER EDUCATION SERVICE CORPORATION, Texas Non-profit Corporations, | |
| Defendant(s) | |

INDEX                                                                    Page No.

1.  SUMMARY OF RULING  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2.  FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.  LEGAL ANALYSIS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    3.1.  Summary Judgment Standards  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    3.2.  11 USC §523(a)(8)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    3.3.  Arguments of the Parties  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    3.4.  The Loans are Qualified Under 11 USC §523(a)(8)(A)(i) [An Educational Loan
          Funded by a Nonprofit Institute]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    3.5.  The Loans are Qualified Under 11 USC §523(a)(8)(A)(ii) [An Obligation to Repay
          Funds Received as an Educational Benefit, Scholarship, or Stipend]  . . . . . . . . . . . . 7
    3.6.  The Loans are Qualified Under 11 USC §523(a)(8)(B) [ Any Other Educational Loan
          That Is a Qualified Education Loan, as Defined in Section 221(d)(1) of the Internal
          Revenue Code of 1986, Incurred by a Debtor Who Is an Individual]  . . . . . . . . . . . 8

4.  CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**1. SUMMARY OF RULING**- The debtor filed a motion for summary judgment to avoid nondischargeability of student loans by the nonprofit defendants because they did not involve the type of lenders or loans protected under 11 USC §523(a)(8).  This is mainly because: (a) the loans were made by a for-profit entity (not a governmental unit or nonprofit); and (b) the private loans are not "qualified educational loans."

The defendant lenders filed a cross-motion for summary judgment claiming that of the four categories of nondischargeable loans under §523(a)(8), they easily qualify for protection under three of them. The defendants are right and will be granted summary judgment.

**2. FACTS**- The debtor went to St. George University School of Veterinary Medicine (St. George) in St. George, Granada between 2004 and 2007.  He finished his clinical work in his final year at the University of Florida, although he was still enrolled at St. George and paid it for the education.  To fund this education, he borrowed $149,197.93.  The loans were originated by Richland State Bank in Texas, a for-profit institute.[1]

Richland State Bank was part of a program to fund veterinary education.  Its loans for this purpose were quickly assigned to nonprofits like the defendants.  The process was explained in an affidavit of Ricky Turman, CFO of the defendant nonprofits:

> 3.  Brazos is engaged in funding and purchasing student loans as a national secondary market.  Secondary markets ensure the liquidity of federal loan programs by buying student loans from education lenders.  The usual pattern for funding these loans, as was the pattern underlying the debt in this action, is as follows: The bank of education institution takes the borrower's application and funds the loan, thus originating the loan.  Brazos purchases the loans and securitizes the loans by selling bonds thereby providing education lenders with liquidity to originate new student loans.  The defendants in this action are nonprofit corporations, as evidenced by letters, copies submitted with this affidavit, from the IRS granting each of Acapita Education Finance Corporation, Brazos Student Finance

---

[1] *Affidavit of Jessie Rizor*, ECF No. 12-2.

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]                                                                                       Page 2 of 13

Corporation, and The Brazos Higher Education Service Corporation, Inc. nonprofit 501(c)(3) status. [citation to exhibits omitted][2]

Mr. Turman also states that the loans to debtor were made "as an educational benefit," as evidenced by copies of the loan application and promissory notes attached to his affidavit.[3]

### 3. LEGAL ANALYSIS-

**3.1. Summary Judgment Standards**- Fed.R.Bankr.P. 7056 incorporates Fed.R.Civ.P. 56:

> (a) **Motion for Summary Judgment or Partial Summary Judgment**. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

The facts are basically uncontested,[4] and the **material facts** (those that might effect the outcome) are totally undisputed. The court has not weighed the evidence and given the nonmoving parties all reasonable inferences in their favor. It has determined that as a matter of law one of the parties is entitled to prevail as a matter of law.[5]

**3.2. 11 USC §523(a)(8)**- Most student loan cases involve claims of undue hardship. That issue has not yet been raised by the debtor. Instead, his argument is that the defendants do not qualify as the type of educational lenders protected by 11 USC §523(a)(8):

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—

---

[2] ECF No. 13-3, page 2, ¶3.

[3] ECF No. 13-3, page 3, ¶5.

[4] Debtor raised a fact issue about the "actual use" of the funds in his reply brief, but it is not material since it is the "intended use" that controls. ECF No. 16, page 2 and Section 3.4 of this memorandum.

[5] Anderson v. Liberty Lobby, Inc., 477 US 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

(A)

  (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

  (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

Simplifying the language, the 9th Circuit BAP said:

> . . . post-BAPCPA, this Code provision: protects four categories of educational claims from discharge: (1) loans made, insured, or guaranteed by a governmental unit; (2) loans made under any program partially or fully funded by a governmental unit or nonprofit institution; (3) claims for funds received as an educational benefit, scholarship, or stipend; and (4) any "qualified educational loan" as that term is defined in the Internal Revenue Code.[6]

**3.3. Arguments of the Parties**- In his opening brief[7] the debtor argues that:

- (a) the loan was not made, insured or guaranteed by a governmental unit [11 USC §523(a)(8)(A)(I)];

- (b) they were private loans made instead by presumably for-profit Richland State Bank, which is not a nonprofit [11 USC §523(a)(8)(A)(i)]; and,

- (c) none of the loans were a "qualified educational loan" as defined by §221(d)(1) of the Internal Revenue Code, citing 26 USC §25A(f)(2) to show that St. George was not an "eligible education institute (even though debtor did his clinical work in the forth year at the University of Florida, which apparently does qualify, he was still a St. George student and paid his tuition there) [11 USC §523(a)(8)(B)].

The debtor embellished a bit in a reply brief that:

- (a) there is a disputed issue of why the purchase of the loans by defendants from Richland State Bank (presumably a for-profit) should be treated with deference; or if it is a nonprofit, evidence of that fact has not been offered;

---

[6] In re Christoff, 527 BR 624, 632 (9th Cir. BAP 2015), citing Benson v. Corbin (In re Corbin), 506 BR 287, 291 (Bankr. W.D. Wa. 2014).

[7] ECF No. 12, pages 2-5.

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]    Page 4 of 13

- (b) there is no evidence that the loans to debtor were used only to cover his "cost of attendance" at St. George;

- (c) defendants' reliance on 20 USC §1002 is misplaced since this is not referenced at all in §523(a)(8)(B).[8]

Notably, in both briefs, the debtor only cites to two cases (in the reply brief) which do not address the most relevant issues in this dispute.

The defendants' opening brief for summary judgment argues that they are qualified in three of the four categories[9]:

> (1) . . . ; (2) loans made under any program partially or fully funded by a governmental unit or nonprofit institution; (3) claims for funds received as an educational benefit, scholarship, or stipend; and (4) any "qualified educational loan" as that term is defined in the Internal Revenue Code.[10]:

- under 11 USC §523(a)(8)(A)(i) [an educational loan funded by a nonprofit institute] under the plain wording of that subsection;

- under 11 USC §523(a)(8)(A)(ii) [an obligation to repay funds for an educational benefit or stipend] because debtor or St. George received funds from defendants for his veterinary education; and,

- under 11 USC §523(a)(8)(B) [any "qualified educational loan" as that term is defined in the Internal Revenue Code 221(d)(1)] carefully connecting the dots in the statutory framework to show the offshore, non-accredited veterinary school, St. George, was an entity covered by this subsection.

The defendants filed an opposition[11] to debtor's motion for summary judgment[12]:

- Although for-profit Richland State Bank originated the loans, it was the defendant nonprofits that funded the loans;

- 11 USC §523(a)(8)(B) excepts from discharge "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue

---

[8]This is discussed in more detail in Sec. 3.6 of this memorandum.

[9]ECF No. 13, pages 3-8.

[10]In re Christoff, 527 BR at 632.

[11]ECF No. 15.

[12]ECF No. 12.

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]                                    Page 5 of 13

    Code of 1986 [26 U.S.C. § 221(d)(1)], incurred by a debtor who is an individual"; it makes no reference to 26 USC §26A(f)(2) [as it does to §26A(f)(3)] which relates to tax issues; and,

- the fact that the debtor did his final year clinical work at the University of Florida was to meet a requirement, spelled out in 20 USC §1002(2)(A) for loans involving offshore veterinary schools like St. George to nonetheless be treated as an "eligible institution."

Finally, in a reply to debtor's opposition to defendants' summary judgment motion, defendants made these points:

- defendants cited case law that the structure of the program, using for-profit Richland State Bank to originate the loans and the defendant nonprofits to fund them, did not bar the loans as qualifying under 11 USC §523(a)(8)(i) [an educational loan funded by a nonprofit institute];

- they cited cases supporting a finding that the funds were for an educational purpose where this use was identified in the paperwork, without having to go through a tracing exercise to verify the use; and,

- the loans were within the scope of §523(a)(8)(B) notwithstanding that the school might not have qualified as an "eligible intitution" under Title IV of Higher Education Act of 1965.

### 3.4. The Loans are Qualified Under 11 USC §523(a)(8)(A)(i) [An Educational Loan Funded by a Nonprofit Institute]

- Richland State Bank originated the loans made to debtor for his veterinary education in Granada. The fact that it may have been a **for-profit institution** is not disqualifying under 11 USC §523(a)(8)(A)(i) for "an educational benefit . . . made under any program funded in whole or in part by a . . . or nonprofit institution."[13]

These loans were "funded" by the defendants under the program described by Ricky Turman, CFO of the nonprofit defendants. Richland State Bank and some of the bank's affiliates had an agreement with defendants to provide long term funding to eligible borrowers for education purposes. The bank paid St. George but defendants were to provide secondary market

---

[13] In re Maas, 497 BR 863, 869 (Bankr. W.D. Mich. 2013).

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]     Page 6 of 13

(securitization) takeout financing or were themselves part of the secondary market.[14]  "[T]he inquiry is not restricted to whether an educational loan was made by a nonprofit institution, but also whether the loan was made as part of a *program.*"[15]

Also, the fact that defendants have presented no evidence that all of the funds were used for educational purposes does not create a material issue of fact that is in dispute.  Most courts say the question of whether a loan is for an educational benefit depends not how the funds were actually "used," but on the "stated purpose for the loan when it was obtained."[16]

A "loan" as used in §523(a)(8)(i) makes no distinction between those used for tuition and those used for other expenses.  The actual use of the loan proceeds is immaterial.  Where the loan documents, as here,[17] establish they were premised on the debtor's status as a student and were for educational purposes, they qualify under §523(a)(8)(A(i).[18]

Under the plain wording the loans in question were for "an educational benefit . . . made under any program funded in whole or in part by a . . . or nonprofit institution."

**3.5.  The Loans are Qualified Under 11 USC §523(a)(8)(A)(ii) [An Obligation to Repay Funds Received as an Educational Benefit, Scholarship, or Stipend]**- The loans in question easily fit within the description of §523(a)(8)(A)(ii).  The money was paid to St. George by Richland

---

[14] *See,* Affidavit in Support of Defendant's Reply by Ricky Turman.  ECF 20-1, pages 2-3, ¶¶ 4 and 5.

[15] In re Johnson, 2008 WL 5120913, *2 (Bankr. M.D. Pa. 2008); In re Sears, 393 BR 678, 679 (Bankr. W.D. Mo. 2008).

[16] In re Maas, 497 at page 869; In re Vasa, 2014 WL 6607512, *3 (Bankr. S.D 2014); In re Rumer, 469 BR 553, 562 (Bankr. M.D. Pa. 2012); and In re Busson-Sokolik, 635 F.3d 261, 266 (7th Cir. 2011).

[17] *See*, Ricky Turman affidavits.  ECF No. 13-3, page 3, §5 and ECF No. 20-1, page 3, ¶ 5.

[18] In re Maas, 497 at page 871.

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]                                                    Page 7 of 13

State Bank under the educational loan program sponsored by defendants. Debtor had a contractual obligation to repay these loans.[19]

The 9th Circuit BAP discussed the legislative history of §523(a)(8) in In re Christoff.[20] Under the current BAPCPA version the lender had to actually pay something for the educational purposes (not merely accrue an account receivable for providing the services themselves), to trigger a duty to "repay."[21]

In the present case, fulfills the predicate to the duty to repay:

> To except a debt from discharge under this subsection, the creditor must demonstrate that the debtor is obliged to repay a debt for "funds received" for the educational benefits.[22]

Although in the Christoff case the BAP focused on money that the *debtor* received,[23] the restriction to only money paid directly to the debtor does not appear in §523(a)(8)(A)(ii). Money *paid to the education institution* for a debtor's educational benefit which the debtor is required to repay to the lender also qualifies.

**3.6. The Loans are Qualified Under 11 USC §523(a)(8)(B) [ Any Other Educational Loan That Is a Qualified Education Loan, as Defined in Section 221(d)(1) of the Internal Revenue Code of 1986, Incurred by a Debtor Who Is an Individual]**- Sec. 523(a)(8)(B) provides that a debtor does not get a discharge (except where undue hardship can be shown) for "qualified education loans" as defined by the Internal Revenue Code, 26 USC §221(d)(1).

---

[19] Affidavit of Ricky Turman. ECF No. 20-1, pages 2-3, ¶4.a.

[20] In re Christoff, 527 BR 624 (9th Cir. BAP 2015)

[21] In re Christoff, 527 BR, at page 633-34.

[22] In re Christoff, 527 BR, at page 633.

[23] In re Christoff, 527 BR, at page 633-34.

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]     Page 8 of 13

Debtor cites some statutes and materials (but no cases) to show that the defendants' loans do not qualify under IRC 221(d)(1).[24] The defendants counter by laying out the statutory framework and its numerous nested definitions to refute debtor's analysis.[25]

Unless a debtor can show that repayment of the education loan would create an undue hardship, 11 USC §523(a)(8)(B) makes nondischargeable "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual." What follows is a tedious tracing of nested statutory definitions to end up showing why a loan involving an offshore veterinary school like St. George qualifies for protection under 11 USC §523(a)(8)(B).

A "Qualified Education Loan" under IRC 221(d)(1) is defined as:

> (d) **Definitions**  For purposes of this section—
>
> > (1) **Qualified education loan**  The term "qualified education loan" means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses—
> >
> > > (A) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred,
> > >
> > > (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and
> > >
> > > (C) which are attributable to education furnished during a period during which the recipient was an eligible student.
> >
> > Such term includes indebtedness used to refinance indebtedness which qualifies as a qualified education loan. The term "qualified education loan" shall not include any indebtedness owed to a person who is related (within the meaning of section 267(b) or 707(b)(1)) to the taxpayer or to any person by reason of a loan under any qualified employer plan (as defined in section 72(p)(4)) or under any contract referred to in section 72(p)(5).

---

[24] ECF No. 12, pages 4-5 and ECF No. 16, pages 2-3.

[25] ECF No. 13, pages 5-8 and ECF No. 20, pages 5-7.

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]                                Page 9 of 13

26 USC §221(d)(2) defines a "Qualified Higher Education Expenses" [referred to in the first paragraph of §221(d)(1)] as:

> (2) **Qualified higher education expenses**  The term "qualified higher education expenses" means the cost of attendance (as defined in section 472 of the Higher Education Act of 1965, 20 U.S.C. 1087ll, as in effect on the day before the date of the enactment of the Taxpayer Relief Act of 1997) at an eligible educational institution, reduced by the sum of— [refering to various reductions]

26 USC §221(d)(3) defines an "Eligible Student" [referred to in §221(d)(1)(C)] as:

> (3) **Eligible student**  The term "eligible student" has the meaning given such term by section 25A(b)(3).

Note that debtor argues that the loans in question do not comport with **26 USC §25A(b)(2)**, but that is not part of the definition incorporated into 11 USC §523(a)(8)(B). **Section 25A(b)(3)**, which reads as follows, is:

> (3) **Eligible student**  For purposes of this subsection, the term "eligible student" means, with respect to any academic period, a student who—
>
> (A) meets the requirements of section 484(a)(1) of the Higher Education Act of 1965 (20 U.S.C. 1091(a)(1)), as in effect on the date of the enactment of this section, and
>
> (B) is carrying at least ½ the normal full-time work load for the course of study the student is pursuing.

The "**Cost of Attendance**" [referred to in the definition on "Qualified Higher Education Expenses" in 26 USC 221(d)(2) is defined by 20 USC §1087ll.  Section 1087ll lists a panoply of expenses including tuition, books, supplies, room and board, etc.

The definition of "Eligible Student" under 26 USC 25A(b)(3) refers to "the requirements of section 484(a)(1) of the Higher Education Act of 1965 (20 U.S.C. 1091(a)(1)), . . ." 20 USC §1091(a)(1) is in the section involving "Student eligiblity" and provides:

> (a) **In general**  In order to receive any grant, loan, or work assistance under this subchapter and part C of subchapter I of chapter 34 of title 42, a student must—

> (1) be enrolled or accepted for enrollment in a degree, certificate, or other program (including a program of study abroad approved for credit by the eligible institution at which such student is enrolled) leading to a recognized educational credential at an institution of higher education that is an eligible institution in accordance with the provisions of section 1094 of this title, except as provided in subsections (b)(3) and (b)(4) of this section, and not be enrolled in an elementary or secondary school [§§ (b)(3) and (b)(4) involve students taking less than a half-time work load];

The reference to "an eligible institution" leads us to 20 USC §1094(i)(4):

> **(4) Eligible institution**
>
> The term "eligible institution" means any such institution described in section 1002 of this title.

Which finally leads us to the section blessing educational loans made for St. George, an offshore veterinary school, for protection under 11 USC §523(a)(8)(B). 20 USC §1002(a)(2)(A)(ii):

> **(2) Institutions outside the United States**
>
> (A) **In general** For the purpose of qualifying as an institution under paragraph (1)(C), the Secretary shall establish criteria by regulation for the approval of institutions outside the United States and for the determination that such institutions are comparable to an institution of higher education as defined in section 1001 of this title (except that a graduate medical school, nursing school, or a veterinary school, located outside the United States shall not be required to meet the requirements of section 1001(a)(4) of this title). Such criteria shall include a requirement that a student attending such school outside the United States is ineligible for loans made under part C of subchapter IV of this chapter unless—
>
> . . .
>
> (ii) in the case of a veterinary school located outside the United States that does not meet the requirements of section 1001(a)(4) of this title, the institution's students complete their clinical training at an approved veterinary school located in the United States;

Following this statutory trail, the defendants' loans to debtor qualify these loans as being nondischargeabile under 11 USC §523(a)(8)(B). These statutes refute debtor's arguments that the

loans were not to an eligible educational institute or that it was not accredited by the American Veterinary Medicine Association. With respect to the latter argument, defendants respond:[26]

> 20 U.S.C. § 1002. This section does not define the term "approved veterinary school," but 34 C.F.R. § 600.56, determining the eligibility of a foreign veterinary school to participate in the Direct Loan Program, provides:
>
>> (2)(i) For a veterinary school that is neither public nor private nonprofit, the school's students must complete their clinical training at an **approved veterinary school located in the United States**;
>>
>> (ii) For a veterinary school that is public or private nonprofit, the school's students may complete their clinical training at an approved veterinary school located—
>>
>> (A) In the United States;
>>
>> (B) In the home country; or
>>
>> (C) Outside of the United States or the home country, if—
>>
>>> (1) The location is included in the **accreditation of a veterinary program accredited by the American Veterinary Medical Association (AVMA)**; or
>>>
>>> (2) No individual student takes more than two electives at the location and the combined length of the elective does not exceed eight weeks."
>
> 34 C.F.R. § 600.56
>
> Therefore, the term "approved" includes schools that are at least accredited, but also includes some schools that are not. Therefore, all schools that are AVMA accredited are considered "approved" under this regulation, which likely supplies the meaning intended in 20 U.S.C. § 1002.

These loans are nondischargeable under 11 USC §523(a)(8)(B), absent a showing of undue hardship.

**4. CONCLUSION**- The defendants qualify three ways under 11 USC §523(a)(8) as lenders protected by the statute.

---

[26]ECF No. 13-1., page 7, fn 14.

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]     Page 12 of 13

An order denying summary judgment to plaintiff debtor and granting it to the nonprofit defendant educational lenders will be entered. And, a final judgment dismissing debtor's complaint will also be entered based on that order.

DATED: June 13, 2016

          /s/ Herb Ross
          HERB ROSS
         U.S. Bankruptcy Judge

<u>Serve</u> :
Frank Cahill, Esq., for π
Richard Crabtree, Esq., for Δ
Cheryl Rapp, Adv. Proc. Mgr.         D7741

MEMORANDUM DECISION DENYING MOTION FOR
SUMMARY JUDGMENT BY PLAINTIFF [ECF No. 12] AND
GRANTING CROSS-MOTION BY DEFENDANTS [ECF No. 13]    Page 13 of 13