JUDGE HERB ROSS (Recalled)

# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

| Case No. A15-00383-HAR | In Chapter 7 |
|---|---|
| In re JESSIE L. RIZOR and ASHLEY M. RIZOR, | |
| Debtor(s) | |
| JESSIE L. RIZOR, | Adv Proc No A16-90001-HAR |
| Plaintiff(s) | **MEMORANDUM GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES** |
| v. | |
| ACAPITA EDUCATION FINANCE CORPORATION, a Texas Non-profit Corporation, BRAZOS STUDENT FINANCE CORPORATION and BRAZOS HIGHER EDUCATION SERVICE CORPORATION, Texas Non-profit Corporations, | |
| Defendant(s) | |

Defendants' motion for attorney fees[1] will be granted.

Defendant student lenders seek $11,130 for attorney fees for successfully defending against plaintiff debtor's adversary proceeding challenging that the defendants were appropriate educational lenders, and that the loans were appropriate claims, entitled to protection from nondischargeability under 11 USC §523(a)(8). The court granted defendants summary judgment on the merits.[2]

---

[1] ECF Nos. 24 and 25.

[2] ECF Nos. 21, 22, and 23.

MEMORANDUM GRANTING DEFENDANTS'
MOTION FOR ATTORNEY FEES    Page 1 of 3

The fees requested are exceedingly modest for the quality of the briefing and result obtained.  Most of the hours were billed at the low rate of $125 per hour by a law clerk working for Richard Crabtree.  Plaintiff does not challenge the amount sought.

Neither party has adequately briefed whether attorney fees are awardable in a situation like the one presented.  This is a litigation about educational loan dischargeability under the terms of 11 USC §523(a)(8) that would not exist outside of bankruptcy.  The defendants motion states:

> The promissory notes state that Plaintiff agreed to pay to Defendants' "reasonable collection costs permitted by law, including reasonable attorney's fees (to the extent permitted by law) and court costs, which [Brazos] incur[s] in enforcing the terms of this Note if [Rizor is] in default." Section "I," appearing on pages 2, 9, 19, 22, 29, 42, 45, 53, 57, 59, and 67 of the Affidavit, ECF No. 20-2.

Plaintiff does not contest this representation.

I will adopt the holding of the Seventh Circuit case In re Busson-Sokolik.[3]  Some of the arguments by the plaintiff debtor in that case, which also involved an educational loan, were similar to plaintiff Rizor's in this case.  They challenged the use of the loan and whether the loans qualified for nondischargeability under §523(a)(8).[4]  The promissory notes also had provisions for the lender recovering collection costs which were similar to notes in this case.[5]

The basis for Seventh Circuit court's finding that the contractual provisions were sufficient to warrant the grant of attorney fees is:

> Under the "American Rule," a litigant who prevails in a lawsuit is not ordinarily allowed to collect attorney's fees from the losing side. See *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, this rule can be overcome by statute or by an enforceable contract with a provision regarding the allocation of attorney's fees. See *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

---

[3] Busson-Sokolik, et al v. Milwaukee School of Engineering (In re Busson-Sokolik), 635 F3d 261 (7th Cir. 2011).

[4] *Id.* at pages 266-67.

[5] *Id.* at page 265.

MEMORANDUM GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES                                                                                             Page 2 of 3

1  I will follow this precedent and grant the motion to award the attorney fees requested.

   DATED:  July 18, 2016

                                            /s/ Herb Ross
                                            HERB ROSS
                                            U.S. Bankruptcy Judge

Serve :
Frank Cahill, Esq., for π
Richard Crabtree, Esq., for ∆
Cheryl Rapp, Adv. Proc. Mgr.

MEMORANDUM  GRANTING  DEFENDANTS'
MOTION FOR ATTORNEY FEES                                                                   Page 3 of 3